ELIAS BAKER V. JOHN PETERSON.

FILED JANUARY 5, 1899.   No. 8594.

</div>

1. **Pleading**: UNDENIED ALLEGATIONS.   The averments of a petition not denied in the answer must be accepted as true where there is involved no question of value or the amount of damages.

2. **Clerk of District Court**: GARNISHMENT: PLEADING.   Where by his answer the defendant concedes that he received and receipted for certain money as clerk of the district court, and has paid a portion of it to his successor in office, he is still presumed to retain the balance *in custodia legis*, notwithstanding the fact that he may actually have paid it out on an ineffectual garnishment.

ERROR from the district court of Lancaster county. Tried below before HALL, J.   *Affirmed.*

*Sawyer, Snell & Frost*, for plaintiff in error:

After the claim of plaintiff in the foreclosure suit was paid in full, the surplus turned over to the clerk of the district court belonged to defendant.   The fund was not *in custodia legis*, but was subject to garnishment in the hands of the officer.   (*Oppenheimer v. Marr*, 31 Neb. 811; *Leroux v. Baldus*, 13 S. W. Rep. [Tex.] 1019; *Weaver v. Davis*, 47 Ill. 240; *King v. Moore*, 41 Am. Dec. [Ala.] 44; *Dunsmoor v. Furstenfeldt*, 26 Pac. Rep. [Cal.] 518; *Weaver*

*v. Cressman*, 21 Neb. 675; *Langdon v. Lockett*, 41 Am. Dec.
[Ala.] 78; *Hoffman v. Wetherell*, 42 Ia. 89; *Gaither v. Bal-
lew*, 69 Am. Dec. [N. Car.] 763; *Clark v. Boggs*, 41 Am.
Dec. [Ala.] 85; Rood, Garnishment sec. 32; Waples, At-
tachment 221; Wade, Attachment sec. 421.)

*Benjamin F. Johnson, contra.*

RYAN, C.

The judgment in this case was rendered by the district
court of Lancaster county upon its determination of the
insufficiency of the answer on a general demurrer thereto.
We shall therefore briefly summarize the facts pleaded
in the petition and in the answer.   For his cause of ac-
tion Peterson, the plaintiff, alleged that on February 23,
1895, the defendant was clerk of said district court; that
on March 23, 1894, there was a decree of foreclosure
therein whereby certain lands owned by plaintiff were
ordered sold; that on May 1, 1894, pursuant to said de-
cree, there was a sale by the sheriff, at which sale there
was paid an excess of $399.80 above the amount neces-
sary to satisfy the decree and costs, which sum, plaintiff
alleged, was his as the holder of the fee of the land sold.
There were with respect to this excess the following aver-
ments in the petition: "That on the said 23d day of Feb-
ruary, 1895, said sheriff paid to defendant Baker as clerk
of district court the said sum of $399.80, and the same
was receipted for by defendant Baker as clerk of said dis-
trict court."   This part of the petition was followed by
statements that of the excess referred to but $199.40 had
been paid, and that, too, by Baker's successor in office,
and for the balance, with interest, which, upon demand,
Baker had refused to pay, there was a prayer for judg-
ment.   There was in the answer no denial whatever.
The affirmative matters pleaded were that on April 29,
1895, Baker had been summoned as garnishee as a sup-
posed debtor of Peterson, against whom a judgment had
been rendered by a justice of the peace of Lancaster

county; that Baker answered as such garnishee, and was required by said justice of the peace to pay into his court the sum for which this suit against him was afterward brought, and that in compliance with this order in garnishment Baker paid said money to said justice of the peace. By the language quoted it was clearly stated that Baker, upon a decree rendered by the court of which he was clerk, as such clerk received and receipted for the sum for the recovery of which this action was begun. This is consistent with and somewhat emphasized by the further averment that he paid to his successor in office a portion of the amount for which he had receipted. By the failure to deny these averments in the answer their truthfulness was admitted. (Code of Civil Procedure, sec. 134.) It was in view of these conceded facts that the answer alleged the defendant's discharge because of compliance on his part with the order of garnishment. In *Anheuser-Busch Brewing Ass'n v. Hier*, 52 Neb. 424, it was held that an equitable action would not lie to reach money in the hands of the clerk of the district court, and it was said that this immunity was because of the same considerations which forbade interference with such money by garnishment; in each case the reason being that the policy of the law was to protect officers and avoid collision of authority and conflict of title. In *Scott v. Rohman*, 43 Neb. 618, there was an attempt to reach by garnishment a judgment rendered in the district court wherein had been rendered the judgment of which satisfaction was sought, and it was held that, under these circumstances, the reasons for immunity from garnishment had no controlling force, and accordingly the garnishment was held valid. There is in this case no justification for the modification of the rule necessary to guard the jurisdiction of the district court and to protect its officers in the discharge of duties required of them as such. If the possession of the clerk had been independently of his duties as such, his answer should have disclosed that fact in this case. Viewed in the light of the

uncontradicted averments of the petition, however, the answer admitted that the defendant had received and receipted for the money as an officer of the court, and in that capacity had turned over part of it to his successor, and for the balance there was no averment of facts sufficient to show that the money was not still *in custodia legis.* We think the demurrer to the answer was therefore properly sustained, and accordingly the judgment of the district court is

AFFIRMED.