B. F. STURTEVANT COMPANY V. BOHN SASH & DOOR
COMPANY ET AL.

57 671
s59 88

FILED FEBRUARY 9, 1899. No. 8690.

Garnishment: MONEY IN HANDS OF CLERK. Money about to be paid
to a clerk of the district court, to be by him distributed under
the decree of said court, cannot be reached by garnishment
process issued out of the county court against one of the dis-
tributees.

ERROR from the district court of Douglas county.
Tried below before FAWCETT, J. *Dismissed.*

*John P. Breen*, for plaintiff in error.

References: *Dixon Nat. Bank v. Omaha Nat. Bank*, 54
Neb. 796; Drake, Attachment secs. 496, 509, 509*a*; *Gailher
v. Ballew*, 4 Jones Law [N. Car.] 488; *Weaver v. Davis*, 47

Ill. 235; *Williams v. Jones*, 38 Md. 555; *Oppenheimer v. Marr*, 31 Neb. 811.

B. G. Burbank, contra.

RYAN, C.

The first pleading which we find in the transcript in this case is a petition of intervention of the Dixon National Bank, the Thompson National Bank, and the Middleborough National Bank, the claimants, by assignment, of the funds sought to be reached by garnishment. To this petition there was filed the answer of the B. F. Sturtevant Company, whereby were assailed the validity and *bona fides* of the assignment relied upon by the interveners. By reply the averments of the answer were denied. There was a trial without a jury and a judgment in favor of the interveners, in which judgment there was a finding that "The garnishment proceedings of the plaintiff herein against the garnishee, Frank E. Moores, are of no force and effect." Since the B. F. Sturtevant Company, by its petition in error, asks the court to grant affirmative relief against the judgment rendered by the district court, we cannot ignore this finding. While it is true there was no issue joined which involved this question, there was put in evidence by the B. F. Sturtevant Company the record of the earlier proceedings in this case, which disclosed that the garnishee had been garnished in the county court of Douglas county; that at the time of said garnishment the garnishee was clerk of the aforesaid district court, and had not then in his hands the funds now sought to be reached; that within a few hours after the garnishment there was paid to said clerk the sum of $15,942.27, which, by a decree of the said district court, had been ordered to be distributed among the parties to the suit wherein the decree was entered; that of this sum the distributive share of the Bohn Sash & Door Company under said decree was $3,334.17, and that by the garnishment it was sought in the county

court to compel said clerk of the district court to pay to the B. F. Sturtevant Company the amount due it from the Bohn Sash & Door Company which was evidenced by a judgment of said county court in favor of the former company against the latter, and was for less in amount than the $3,334.17 above mentioned. The B. F. Sturtevant Company, by its own proofs, was thus shown to be attempting in the county court to hold liable as garnishee the clerk of the district court for money received and held by him under the decree of the court of which he was clerk. Such a procedure is expressly discountenanced in *Scott v. Rohman*, 43 Neb. 618, *Baker v. Peterson*, 57 Neb. 375, and in *Anheuser-Busch Brewing Ass'n v. Hier*, 52 Neb. 424. In the first of these three cases it was held that a judgment of the district court of this state could not be reached by garnishment proceedings before the county court, and in the third there was used this language: "The rule that personal property *in custodia legis* is not subject to attachment or garnishment was adopted for the protection of the officer and to avoid collision of authority and conflict of title." The principle was then laid down which, applied in this case, would require the B. F. Sturtevant Company to intervene and seek to establish its claim to the distributive share of the Bohn Sash & Door Company in the case wherein the clerk had received it. Under these conditions we cannot grant relief to plaintiff in error, and accordingly its petition in error is

DISMISSED.