SOPHIA CHERRY

*v.*

MEHITABLE GREENE *et al.*

*Filed at Ottawa January 25, 1886.*

1. TRUSTS AND TRUSTEES—*conveyance in trust to pay debts, and for other purposes—whether a power of sale is given.* No particular form of words is necessary to create a power of sale. Any words which show an intention to create such power, or any form of instrument which imposes duties upon a trustee that he can not perform without a sale, will necessarily create a power of sale in the trustee.

2. An assignment or conveyance of land to trustees to pay all the just debts of the grantor, necessarily implies a power of sale in the trustees, though none be given in words.

3. Where trustees are authorized to devote so much of the principal or income of the trust estate as may be necessary for the support of the grantor and his family, this will, when necessary, confer a power of sale.

4. Where a deed conveying property in trust to trustees, directs that in certain contingencies the fund therein named "shall be paid over" by the trustees to the wife and children of the grantor, such direction imports and confers the power to sell.

5. PURCHASER FROM TRUSTEE—*whether bound to see to the application of the purchase money.* Where property is conveyed in trust to pay debts generally, and apply the balance to the support of the grantor's family, the purchaser from the trustee is released from the obligation to see to the application of the purchase money.

6. In this case a person conveyed all his property, real and personal, to trustees in trust, first, to pay all his just debts and the expenses of the trust; second, to devote so much of the principal or income thereof as might be necessary for the support of the grantor and his family; third, in case of his death, upon the written request of his heirs the trust should determine and the fund be paid over to his wife and children, and in default of such request, to devote so much of the principal or income as might be necessary for the use and support of his wife and children; fourth, upon the death of his wife, she surviving him, and upon the death of each of his children surviving him, if the trust was not previously terminated, to pay over the proportion of said fund the wife or child would have been entitled to in case of a division of said fund at the death of the wife or child, to such person or persons as his wife or child should by will appoint, etc., the wife joining in the deed and releasing her dower and homestead: *Held,* the trustees became thereby invested with the legal title to the land, and had the power to sell and convey the same to a purchaser, and that the purchaser was not bound to see to the proper application of the purchase money.

APPEAL from the Appellate Court for the First District;— heard in that court on writ of error to the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Mr. GEORGE BASS, for the appellant:

If the trustees have not discretionary power to convert realty into personalty, then the purchaser is bound to see if the necessity has arisen which requires a sale, and look after the application of the purchase money, otherwise he takes no title.

The purchaser is bound to know the full particulars and purpose of the power under which he purchases, and if he makes any mistake in the construction of the power, or if

he does not fully inform himself, and acts in ignorance, he will take no title if the power is not properly executed. 2 Perry on Trusts, (3d ed.) sec. 602*g*.

It will be seen that the trust deed does not in express terms authorize the trustees to dispose of the realty at their discretion; therefore, if they have such a power, it must be implied, and courts do not favor such a construction. Courts do not favor constructions that confer upon trustees absolute and uncontrollable powers. 2 Perry on Trusts, (3d ed.) sec. 511*a*.

The plain meaning of the deed is, that the trustees should hold the property conveyed, and apply the income, in the first instance, to the payment of the debts and the use and support of the· grantor and his family. It is submitted that the trustees are not authorized to sell and dispose of the real estate forming a portion of the principal, until the income is insufficient to pay debts and support the grantor and his family.

Mr. GEORGE W. SMITH, for the appellees:

The whole scope and tenor of the deed of trust contemplates the absolute management and control of the property by the trustees. The trustees are "to devote so much of the principal or income thereof as may be necessary for the use and support of myself and my family." Under this clause the discretion of what is necessary rests solely with the trustees. (*Russell* v. *Grinnell,* 105 Mass. 425.) They may then use all the principal if they see fit, for this purpose. To do this, they must have power to sell the real estate. *West* v. *Fitz,* 109 Ill. 425.

The trustees are "to pay all my just debts." An assignment in trust to pay debts will necessarily imply a power to sell, though none is given in words. Perry on Trusts, sec. 766.

Sections 3, 4 and 5 of the deed provide that the trustees shall in different contingencies "pay over" the fund to differ-

ent persons.    This provision to "pay over" is held to con-
template the power to sell by the trustees.    The fund is not
to be transferred to or divided among certain persons, but
the trustees are to "pay it over" to them.    This contem-
plates a possible complete transmutation of the fund at that
time.    *Going* v. *Emery*, 16 Pick. 112; *Purdie* v. *Whiting*, 20
Pick. 25; *Goodrich* v. *Proctor*, 1 Gray, 570.

The deed implies the power of sale, then, first, in its gen-
eral scope and intent; second, in the power of the trustees to
use the principal for the use and support of the beneficiaries;
third, in the power "to pay all my just debts;" and fourth,
in the direction to pay over the fund to certain persons.

The rule is, that where the purposes of a trust can not be
accomplished without turning the estate into money, a power
of sale will be implied.    Hill on Trustees, (4th Am. ed.) 355.

The case made by the deed of trust comes within the prin-
ciple which is held by this court to be familiar law, that land
is to be regarded as money when its proceeds are to be dis-
tributed, and in such cases a power to sell will be raised by
implication.    *Rankin* v. *Rankin*, 36 Ill. 293; *Jennings* v.
*Smith*, 29 id. 116; *Baker* v. *Copenbarger*, 15 id. 103.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

In this case a bill was filed by the appellees, against the
appellant, to enforce the specific performance of a contract
for the sale of five acres of land, and a decree entered grant-
ing the prayer of the bill.    This decree was affirmed by the
Appellate Court, from which the case is brought by appeal
to this court.

The defendant below, appellant here, refused to carry out
her contract of purchase, on the ground that Crapo and
Clifford, trustees, (two of the appellees here and two of the
complainants,) who filed the bill below, and who held the
title to one-sixth of the premises in question, as trustees, had

no power to sell and convey to her the said one-sixth, under the following instrument, to-wit:

"Know all men by these presents, that I, Robert B. Greene, of New Bedford, county of Bristol, Commonwealth of Massachusetts, in consideration of one dollar and other valuable considerations, hereby give, grant, bargain, sell and convey to William W. Crapo and Charles W. Clifford, of said New Bedford, all my property and estate, real and personal, of every name and nature, and wherever situated, including herein all my right, title and interest in and to the property and estate of my beloved father, David R. Greene, late of New Bedford, aforesaid, to have and to hold the said property and estate unto them, the said Crapo and the said Clifford, and the survivor of them, their heirs and assigns, forever, but strictly in trust, to the following uses and purposes, to-wit:

"*First*—To pay all my just debts and the expenses of this trust.

"*Second*—To devote so much of the principal or income thereof as may be necessary for the use and support of myself and my family, and, as to any portion of said fund or its income so expended, the receipt of myself or my wife shall be a sufficient discharge to my said trustees.

"*Third*—In case of my death, if my heirs at law shall in writing so request, said trust shall determine, and said fund shall be paid over to my wife and children in the proportion to which they would be entitled as my heirs at law, and in default of said request to devote so much of the principal or income of said fund as may be necessary for the use and support of my wife and children.

"*Fourth*—Upon the death of my wife, if she survives me, and upon the death of each of my children who shall survive me, if this trust has not previously terminated, to pay over the proportion of said fund to which said wife or child would have been entitled in case of a division of said fund at the

death of my said wife or child, to such person or persons as my said wife or child shall by will appoint.

"*Fifth*—If, after the death of myself, my wife and my children, there shall remain any portion of said fund in the hands of my said trustees otherwise unprovided for by this instrument, to pay over the same to such person or persons as my wife shall direct.

"And I, Mary P. B. Greene, wife of said Robert B. Greene, join in this deed in token of my release of all right to dower and homestead in the aforegranted premises.

"In witness whereof we have hereunto set our hands and seals, this eighth day of July A. D. 1879.

ROBT. B. GREENE,     (L. S.)

MARY P. B. GREENE.    (L. S.)"

The question is, whether the trustees under the foregoing deed have the power to sell and convey the premises in question. The deed of trust from Robert B. Greene and wife vested the legal title to the five acres in the trustees. The deed is, in part, an assignment in trust to pay debts. The first clause directs the trustees "to pay all my just debts," etc. Such an assignment necessarily implies a power of sale, though none is given in words. (Perry on Trusts, sec. 766.) No particular form of words is necessary to create a power of sale. Any words which show an intention to create such power, or any form of instrument which imposes duties upon a trustee that he can not perform without a sale, will necessarily create a power of sale in the trustee. (Idem.) The second clause of the deed clothes the trustees with large discretionary powers. (*Russell* v. *Grinnell*, 105 Mass. 425.) They are authorized "to devote so much of the principal or income thereof as may be necessary for the use and support of" the grantor and his family. It might become necessary to devote the whole of the principal to such use and support, and this would necessitate a sale of the realty. (*West* v. *Fitz*, 109 Ill. 425.) Again, the third clause of the deed directs,

that in certain contingencies the fund therein named "shall be paid over" by the trustees to the wife and children of the grantor. Such a direction to trustees to "pay over" has been held to import and confer the power to sell. *Going* v. *Emery*, 16 Pick. 112; *Purdie* v. *Whiting*, 20 Pick. 25.

We are of opinion, therefore, that Crapo and Clifford, the trustees named in the above recited instrument, are vested with power to sell the premises in question, nor will a purchaser from them be under obligation to see to the application of the purchase money. Where, as here, the trust is to pay debts generally, and apply the balance to the support of the grantor's family, the purchaser is released from such obligation. Perry on Trusts, sec. 795; Hill on Trustees, page 342.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

The record in this case was originally assigned to Justice Dickey. No opinion having been written by him in his lifetime, the record was re-assigned in November, 1885.