Stalder v. Stalder.

———————

HENRY STALDER, APPELLEE, V. ANDY STALDER, APPELLANT.

FILED DECEMBER 4, 1920. No. 21152.

1. **Wills:** EQUITABLE CONVERSION. Where a will gives the executor power to sell real estate to carry out the provisions thereof, and, because of deficiency of personal estate, they cannot be carried out without converting the real estate into money, the conditions being such that the testator must have intended that such conversion should take place, the power, although not in express terms a positive direction to sell the real estate, will be construed as such, and an equitable conversion of the real estate into money will be deemed to have occurred at the testator's death.

2. ———: ———: RENTS. In such a case a beneficiary, who is given by the will a share of the remainder of the estate after the pay-ment of debts and legacies, takes no interest in the real estate, as such, and cannot maintain an action for rents.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Reversed and dismissed.*

*Kelligar, Ferneau & Gagnon,* for appellant.

*John Wiltse, contra.*

DORSEY, C.

This is an action by the appellee, Henry Stalder, one of the children and beneficiaries under the will of Annie Stalder, deceased, to recover his share of the rent of a certain tract of land of which she died seised, accruing after her death. This appeal brings up for review the judgment of the court below affirming his right to sue for the rent in question and awarding him the share claimed, on the theory that, as one of the five children of the decedent, the appellee took his proportionate share as tenant in common of the real estate upon the death of the testatrix, and thereby became vested with the right to rents.

Annie Stalder died in Richardson county in October, 1913, leaving no personal estate, her only property consisting of 80 acres of land in that county. By her last will and testament, admitted to probate in August, 1915, she appointed her son, Joseph Stalder, executor, and directed him, after paying her debts and funeral expenses, to expend $200 for a monument. Another item of the will was a bequest of $1,000 to her daughter Rosa. In addition to the specific directions and bequest indicated, the will contained the following clause: "I give, devise and bequeath * * * unto my five beloved children, Henry, Frank, Joseph, Andrew and Rosa, each an equal share of the remainder of my estate, after the above provisions of this instrument have first been carried out. It is expressly understood that my executor hereinafter named is hereby given all power and authority to sell any or all real estate in my name to carry out the provisions of this my last will and testament."

Letters testamentary were issued to Joseph Stalder in August, 1915, and his final account was approved and he was discharged by the county court of Richardson county January 8, 1917. The land was sold in April, 1916, by the executor, under the power conferred by the will, to the appellant and another, the proceeds were reported in the executor's final account, and after the debts, funeral expenses, outlay for monument, and the amount of Rosa's

legacy had been deducted, the remainder was, in the final decree of the county court, ordered distributed in equal shares to the five children named in the will. It is undisputed that the land in question was farmed by the appellant Andy Stalder, one of the children of the deceased, for a period antedating her death and extending down to the date of the sale. No rent was collected or accounted for by the executor.

Among the defenses raised in the court below to the appellee's suit for rent, it was contended by the appellant that, because of the power bestowed by the will upon the executor to sell the land and the necessity of its exercise in order to carry out the intention of the testatrix, there was an equitable conversion of the real estate into money, effective at the time of the death of the testatrix; that no title to the real estate as such, and consequently no right to collect or sue for rents and profits, passed to the beneficiaries under the terms of the will. "Where the provisions of a will are of such a character as to amount to a positive direction to convert the testator's real estate into money or personalty, or where by a fair construction of the will such intention of the testator is clearly shown by implication, a court of equity will decree that an equitable conversion of the real estate of the testator into money took place at the time of his death." *Chick v. Ives,* 2 Neb. (Unof.) 879. This case is cited with approval in the opinions in the following cases: *In re Estate of Willits,* 88 Neb. 805; *Coyne v. Davis,* 98 Neb. 763, it being stated in the opinion in the latter case: "The rule seems to be that, when land is imperatively directed to be sold, it is considered as converted into money from the death of the testator. If the executor has the option whether to sell or not, or if he is merely given authority to sell, without being directed to do so, then it remains as real estate until the conversion takes place."

Examining the will under consideration in the instant case, in the light of the foregoing principles and the circumstances in evidence bearing upon the intention of the testatrix, it appears that the dispositions made by her

in the will left no alternative to the executor other than to sell the land. There was no personal estate, and the funds necessary to comply with the directions to pay debts and funeral expenses, to purchase a monument, and to pay Rosa's legacy of $1,000, could be derived from no other source except the proceeds of a sale of the land. Under those conditions, the words, "it is expressly understood that my executor hereinafter named is hereby given all power and authority to sell any or all real estate in my name to carry out the provisions of this my last will and testament," must be construed as equivalent to an imperative direction to sell the land.

It is argued by the appellee that the language of the will is not imperative or positive with regard to the executor's power of sale, but that it is only conditional. The power is "given" to him, but he is not, in express terms, commanded to exercise it. Nevertheless, the explicit requirements of the other provisions of the will in effect lay that command upon him. He cannot carry out the testatrix' scheme in the disposition and division of her property unless he does sell the land. The determining factor is not, in our opinion, the precise language in which the power is couched, but the intention of the testator as gathered from all the provisions of the will construed together and the necessities of the case. It is well said in *Harrington v. Pier*, 105 Wis. 485, 50 L. R. A. 307: "The rule is that where there is a positive direction in a will to convert the real property into personalty, or there is a power of sale in a will and bequests of such a character as to plainly indicate a testamentary intent that such power shall be executed to provide the means of satisfying them, or where the provisions of a will cannot be carried out without converting the realty into personalty, and the conditions are such that the testator must have contemplated that such conversion would take place to that end, courts of equity deal with the estate as personal property from the time the will takes effect—from the death of the testator."

Since it is apparent that the appellee acquired no interest in the real estate, as such, by the terms of the will, and his action for rents must, for that reason, fail, it will be unnecessary to notice other points of alleged error raised and discussed by the appellant. We therefore recommend that the judgment of the court below be reversed and the action dismissed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the action dismissed, and this opinion is adopted by and made the opinion of the court.

REVERSED AND DISMISSED.