IN RE ESTATE OF LEWIS O. SECREST.
JOHN HENRY SECREST ET AL., APPELLANTS, V. ELMO B. ROPER, ADMINISTRATOR, ET AL., APPELLEES.

FILED DECEMBER 30, 1922.   No. 22186.

1. Charities: Wills: Bequest: Construction. A will directed the executor to sell the real estate of the testator and from the proceeds thereof to carry out the terms and provisions of the will, which provided for a number of specific legacies, and

In re Estate of Secrest.

further provided: "I give and bequeath all the rest and residue of my estate and property, wherever the same may be found or located, for the purpose of building and maintaining a public library in the city of Hebron, Nebraska, and I hereby order and direct * * * that all of the rest and residue of my estate and property be placed in a trust fund, by my executor, and paid to the proper city officials, or the proper officers and directors of a city public library association of Hebron, Nebraska, if such an organization should hereafter be formed," etc. These provisions had the effect to vest the title to the property in the executor, or administrator, for the purpose of sale; to convert the real estate into personal property; and to constitute the executor, or administrator, a trustee of the fund until paid over as directed. Under such provisions the power of alienation was at no time suspended.

2. ——: ——: ——: VALIDITY. Where a bequest of a trust fund is made to an executor, or administrator, to be paid over to a public charity not yet in being, but whose existence is provided for by the terms of the will, such a bequest is not void for uncertainty.

3. ——: ——: ——: CONDITIONS. Where a will provides that a bequest is not to be paid "until the contract is let and work actually commenced, or a site purchased for said building," if either of such conditions is complied with before the money is paid over, it is sufficient.

4. ——: ——: ——: ——. The clause, "I hereby desire that said building be commenced within two years from my death," is not a condition precedent to the vesting of the bequest, and the word "desire" in this connection must be considered as precatory.

5. ——: ——: ——. A clause in a will whereby the rest and residue of the testator's estate was placed in a trust fund to be paid to city officials, or the officers of a city public library association, for the purpose of establishing a free public library, constitutes a bequest for a public charity, which is a favorite of the courts, and the beneficent intention and desire of the testator will not be defeated unless the courts are compelled to do so by manifest defects in the will, or illegality in its execution.

APPEAL from the district court for Thayer county: RALPH D. BROWN, JUDGE. *Affirmed.*

*J. T. McCuistion* and *J. P. Baldwin,* for appellants.

*Richards & Richards* and *Harvey W. Hess, contra.*

Heard before LETTON, ROSE, DAY and DEAN, JJ.,
REDICK, District Judge.

LETTON, J.

Lewis O. Secrest died, leaving a will which was duly
probated. By the final decree of distribution of the es-
tate, the county court ordered that the property devised
and bequeathed to the library board of the city of He-
bron be distributed to that body by the administrator
with the will annexed. An appeal was taken to the dis-
trict court and a decree of like nature rendered by that
court. That portion of the decree involving the bequest
to the library board has been brought here for review
by the children of the deceased.

The will, after making a number of specific bequests,
some small bequests to his children being among them,
provides:

"Fourth. After the foregoing paragraphs of this my
last will and testament have been complied with I give
and bequeath all the rest and residue of my estate and
property, wherever the same may be found or located, for
the purpose of building and maintaining a public library
in the city of Hebron, Nebraska, and I hereby order and
direct, that so soon as all of the foregoing paragraphs
of this my last will and testament have been complied
with, that all of the rest and residue of my estate and
property be placed in a trust fund, by my executor, and
paid to the proper city officials, or the proper officers and
directors of a city public library association of Hebron,
Nebraska, if such an organization should hereafter be
formed; said payment to be made as needed for the erec-
tion and equipment of said public library and none of
said amount to be paid until the contract is let and work
actually commenced, or a site purchased for said build-
ing, and I hereby desire that said building be commenced
within two years from my death.

"Fifth. For the purpose of carrying out the terms and

provisions of this my last will and testament, I hereby authorize,, direct and empower my executor, hereinafter named (and in case of his death or inability to act, I so empower any administrator who may be appointed for my estate), to sell any or all of my real estate, either at public or private sale, as to him may seem best, and to transfer and convey to the purchaser by good and sufficient deeds any property sold, and from the proceeds thereof to carry out the terms and provisions of this my last will and testament and pay the bequests and legacies as nearly in the same order they are named in my will as it is possible for him to do."

The district court found that the residue of the estate and funds in the hands of the administrator, with the will annexed, constitute a trust fund; that the city council of the city of Hebron has elected and appointed a library board, which is a legally organized existing and acting board, and that it has purchased and paid for a suitable site in the city of Hebron for the erection of a library building thereon. The administrator, *c. t. a.,* was directed to pay the fund then in his hands, and any other sum arising from the estate that may come into his hands, to the proper officers of the library board.

The appellants insist that the fourth and fifth paragraphs of the will are void, and that they are entitled to the fund in the hands of the administrator for the reasons: (1) That the Hebron public library board was not in existence at the time of the death of the testator, and the bequest is void as it involves an illegal suspension of ownership; (2) that it is a condition precedent that none of the fund be paid "until the contract is let and work actually commenced, or a site purchased for said building;" (3) that the word "desire" in the clause, "I hereby desire that said building be commenced within two years from my death," is peremptory, and, unless the conditions following the word "desire" are complied with absolutely, the legacy lapsed.

The evidence shows that the deceased, prior to 1889,

was a resident of Iowa, having removed there from Ohio; that, before he removed to Nebraska, he had been married, and there had been borne to him three children, who are the appellants in this case; that a decree of divorce was granted his wife in Iowa, and that he removed to Nebraska afterwards, in the year 1882 or 1883. At the time of his death he owned certain lands in Nebraska, and in the state of Oregon, and some personal property. He never remarried. The will was made on April 14, 1915. He died February 3, 1917.

The city of Hebron passed an ordinance on August 12, 1918, establishing a free public library in the city of Hebron, providing that a tax not exceeding three mills should be levied annually for the support thereof, creating a library board of nine members and giving the board such powers as were conferred by statute. The ordinance went into effect August 30, 1918. A deed conveying one and a half lots in the city of Hebron to the Hebron public library association was also introduced in evidence. The library board organized and purchased the real estate mentioned, paying $800 for the property, and this board and its successor has been in control and possession of the lots ever since December 10, 1918. At the time of the trial no buildings had been erected, no contract had been made for the erection of a building, and no building materials purchased.

1. It will be seen that the will provides that, after the debts and specific bequests are provided for, the residue of the estate shall "be placed in a trust fund, by my executor, and paid to the proper city officials, or the proper officers and directors," etc. The executor, and, in case of his death or inability to act, an administrator who may be appointed, is directed and empowered to sell the real estate, and from the proceeds to pay the bequests and legacies and carry out the provisions of the will. These provisions had the effect to carry the title to the property to the executor, or administrator, for the purpose of sale; to convert the real estate into personal

property; and to constitute the executor or administrator trustee. The objection that there was no person to take at the testator's death is therefore without foundation. *Chick v. Ives*, 2 Neb. (Unof.) 879, and cases cited therein; *Gotchall v. Gotchall*, 98 Neb. 730; *Coyne v. Davis*, 98 Neb. 763; *Stalder v. Stalder*, 105 Neb. 367; *Maxwell v. Maxwell*, 106 Neb. 689. The power of alienation was at no time suspended and the authorities relied upon to support the doctrine invoked by the appellants are not in point.

2. It is not unusual that trust funds are created and placed in the hands of executors or trustees to be paid to some charitable institution not yet in being, but whose existence is provided for and looked forward to by the terms of the will. *In re Estate of Creighton*, 91 Neb. 654. A large number of cases are cited to this effect in 11 C. J. 335, sec. 53, note 88.

The city authorities acted with promptitude, and a city public library association was formed according to the wish of the testator, which is now competent to receive the fund when paid over by the administrator.

The succeeding clause provided that the money is not to be paid over by the trustee "until the contract is let and work actually commenced, or a site purchased for said building." These conditions are in the disjunctive. A site has been purchased for the building. One of the conditions has therefore been fulfilled, which is all that is required before the trustee is authorized to pay the money.

3. The next clause, "I hereby desire that said building be commenced within two years from my death," in no wise affected the vesting of the legacy in the executor as trustee. It would be unreasonable to hold that the building must be commenced before the money could be realized with which to build it, under penalty of losing the bequest, and it would be an easy accomplishment to hinder and delay the payment of the fund by the administrator, by appealing from the decree of final distri-

bution from one court to another until more than two years had elapsed from the time of the death of the testator. The word "desire" in this connection must be considered as precatory, and not as a condition precedent to the vesting of the legacy.

It was the intention of the testator that the larger portion of his estate should be placed in trust for the purpose of establishing a public library for the benefit of the citizens·of Hebron. Such an institution falls within the class of public charities, which are favorites of the court. *St. James Orphan Asylum v. Shelby*, 60 Neb. 796; *In Re Estate of Nilson*, 81 Neb. 809; *Heywood v. Heywood*, 92 Neb. 72. To hold otherwise would defeat the beneficent intention and desire of the maker of the will. This we will not do unless compelled thereto by manifest defects in the will, or illegality in its execution.

AFFIRMED.