FRANK REITHMILLER ET AL., APPELLANTS, V. EDWARD CARR, ADMINISTRATOR DE BONIS NON, ET AL., APPELLEES.

289 N. W. 338

FILED DECEMBER 15, 1939. No. 30612.

*Beeler, Crosby & Baskins* and *Robert B. Crosby*, for appellants.

*Hoagland, Carr & Hoagland, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

The heirs at law of Warren B. Ellis, deceased, seek by this action to have it declared that the twenty-fifth paragraph of his will is violative of the rule against perpetuities, and that they are accordingly entitled to the residuary estate which it creates. They claim further that, if the

rule against perpetuities is not violated, they are still entitled to the residuary estate as a matter of renunciation or defeasance, because the beneficiary has failed to comply with the condition of the will within a reasonable time.

The principal defendants—and the only ones material so far as this appeal is concerned—are the residuary beneficiary under the will, and the administrator *de bonis non* of the estate. The trial court held that there was no violation of the rule against perpetuities, and that no renunciation or defeasance had yet occurred. Plaintiffs have appealed.

The twenty-fifth paragraph of the will is as follows: "All of the rest and residue of my property of every kind and description and wherever situated, I hereby give, devise and bequeath to the Christian Church of North Platte, Nebraska, for the purpose of building the church, at this time partially built, and hereby authorize my executor, hereinafter named, to turn over and deliver to the officers of said church said residue of my estate, when said church is fully finished and completed and not before. It being my express wish and desire that no moneys be paid over to said church until the church building is completed as aforesaid."

The testator died in 1928. His will was made in 1926. In 1925 the First Christian Church, of North Platte, Nebraska, of which he was both a member and an elder, had built the basement structure for a new brick church, at a cost of $13,000, which was used as an auxiliary of the old church, which it adjoined. The joists were laid for the main floor auditorium, and a temporary roof was placed over the structure. Ellis advocated the immediate completion of the building and stated that he would make a donation of at least $20,000. Plans were drawn for the finished structure, which was to cost approximately $40,000, and other subscriptions were solicited. Ellis then decided that the condition of his estate made it inadvisable for him to make an immediate cash gift, and he thereupon told the church that he would make provision for it in his will.

This made the other pledges uncollectible and completion of the building had to be deferred.

By 1931 administration of the testator's estate had been completed, except as to the residuary estate. While the will empowered and directed the executor to convert any real estate into money or interest-bearing securities, disposition of the real estate was not deemed advisable under the economic conditions which had set in following the testator's death. The marketability of the real estate contained in the residuary estate had been so affected by the depression, both national and sectional, that to have sold it would have meant an unjustifiable sacrifice. This economic situation still obtained when this action was instituted in 1937. In addition, the record indicates that the original executor had been guilty of mismanagement or misappropriation, which made it necessary for the present administrator *de bonis non* to institute litigation on his bond, and this litigation was not completed until 1938, after the commencement of this suit. A claim against the trustee in bankruptcy of the trust company with which the executor had been connected and in whose affairs some of the assets of the residuary estate had seemingly become involved was shown to be still pending. At no time, therefore, since the testator's death had the assets of the residuary estate been available to aid in completing the church, as he had contemplated. The church was unable to raise sufficient outside funds for this purpose, and so the structure remained in the same condition as at the time of the testator's death.

It is plaintiffs' contention that the residuary clause was violative of the rule against perpetuities, because the completion of the church building was a condition precedent to the vesting of any rights on the part of the church in the property, and that, since such condition might not be performed within twenty-one years of lives in being, the gift was too remote.

If the completion of the church was a condition precedent to the gift—that is, if no rights in the residuary estate were vested in the beneficiary until the church was finished

—then plaintiffs' contention must be upheld. "If a gift is made to a charity on a contingent event and the happening of the event is a condition precedent to the gift, then, if the condition is too remote, * * * the gift to the charity is void." Gray, Rule Against Perpetuities (3d ed.) sec. 605. If, however, it was a present gift, and the rights in the residuary estate became vested immediately in the church, even though the time of its possession and enjoyment was postponed and made to depend upon a contingent and uncertain event, it would not violate the rule against perpetuities. 21 R. C. L. 310, sec. 38, and 315, sec. 45; 10 Am. Jur. 598, sec. 19.

In 2 Restatement, Trusts, sec. 401, comment k, it is said: "If property is given in trust for a charitable purpose * * * until the happening of an event which may not occur within the period of the rule against perpetuities, the intended charitable trust is valid if the happening of the event is not a condition precedent to the existence of the charitable trust, and if it does not appear that the settlor intended that no trust should arise unless the event should occur. In such a case the property is wholly devoted to charitable purposes from the outset. The court may permit the property to be held by the trustees to await the happening of the event."

Courts view with favor gifts for charitable purposes and will strain themselves to uphold such testamentary donations, if it can legitimately be done. *St. James Orphan Asylum v. Shelby,* 60 Neb. 796, 84 N. W. 273; *In re Estate of Secrest,* 109 Neb. 431, 191 N. W. 663. They will accordingly attempt to construe a gift in trust for charitable uses in such a way as to make it a vested interest, and not one subject to a condition precedent, where it is possible to do so. 48 C. J. 986.

The limitation in the residuary clause in this case is upon the turning over or delivery of the property, and not upon its vesting. It is a wholly reasonable construction, therefore, that the testator intended to make a present gift and to vest the church's rights as of the time of his death, even though the possession and enjoyment were condition-

ally and possibly indefinitely postponed. The residuary clause, accordingly, did not violate the rule against perpetuities.

It is plaintiffs' next contention that, if the gift did not violate the rule against perpetuities, there has since been a renunciation or defeasance of it by the failure of the church to complete the building within a reasonable time. Nine years had elapsed from the time of the testator's death to the institution of this suit. Six years had elapsed since the report of the executor showing that all expenses, claims and specific legacies had been paid. But, as has already been indicated, the residuary estate was at no time since the testator's death in such condition that it could have been used to help pay for the building, if the church had undertaken to complete it. A substantial portion of the assets had to be collected by the administrator *de bonis non* through litigation, which was not terminated until 1938. A claim in bankruptcy was still pending at the time of the trial in the district court. As to the real estate, no prudent business man would have sacrificed it on the existing market. In view of all these circumstances, it would be inequitable and, we believe, contrary to the testator's intention to hold that a renunciation or a defeasance had occurred because the building had not been completed at the time this suit was instituted. There is testimony to show that the church is now trying to work out arrangements to complete its building, but the significance and effect of this attempt are without importance here. We have no hesitancy, however, in holding that the situation which existed with respect to the residuary estate—not merely the litigation required for the recovery of part of the assets, but the impossibility of prudent sale and liquidation as to the real estate as well—and the general paralysis in developmental activity produced by economic conditions in the agricultural section of the country did not make the nine-year delay in completing the building an unreasonable one.

In *Allebach v. City of Friend*, 118 Neb. 781, 226 N. W. 440, where there was a testamentary gift for the erection

of a hospital, it was held that under the attendant circumstances in that case a four-year delay was not such an unreasonable length of time as to constitute a refusal to accept the gift. The court said: "This provision creates an estate upon a condition subsequent, and it is incumbent upon the donee to carry out the purposes of the bequest within a reasonable time. * * * What constitutes a reasonable time in giving effect to the express directions of the testator's will is determined from all the circumstances affecting and surrounding the gift."

It was defendants' contention that plaintiffs should have sought construction of the will in the first instance in the county court, and that the district court therefore was without jurisdiction, but this contention is sufficiently answered by *Merrill v. Pardun,* 125 Neb. 701, 251 N. W. 834, and the cases therein cited.

The decree of the trial court attempts to construe the status and relationship of the administrator *de bonis non* and the church with respect to the residuary property and its further administration, but since these questions are not necessary to a disposition of the issues raised between the plaintiffs and the defendants, we do not feel called upon —and we doubt if on this appeal we would have the right— to pass upon them. To dispose of the issues existing between plaintiffs and defendants, it is only necessary to determine the questions which we have discussed in this opinion, and to the extent of the trial court's determination of these matters, the decree is affirmed.

AFFIRMED.