CHARLES G. MAY, APPELLANT, V. AMERICAN RED CROSS ET AL., APPELLEES.
299 N. W. 272

FILED JULY 11, 1941. No. 31109.

*Neil France* and *Lyman M. Stuckey,* for appellant.

*Cook & Cook, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and THOMSEN and WENKE, District Judges.

EBERLY, J.

This is an action to quiet title to 480 acres of land in Dawson county, Nebraska. Joseph E. May, who died testate on September 25, 1938, a resident of Dawson county, was the owner of this land at the time of his death. The action is prosecuted by Charles G. May, plaintiff and appellant, who was the brother, and is the sole and only heir at law, of the deceased. In his last will, which has been duly admitted to probate and his estate settled as therein directed, Joseph E. May, now deceased, after providing for his funeral expenses, the costs of administering his estate, and payment of his just debts, incorporated as the second provision of his last will the following:

"Second: Subject only to the provisions of the first paragraph hereof, I give, devise and bequeath all of the remainder of my property, whether real, personal or mixed, and wheresoever situated, including after acquired property, to Edward A. Cook, Jr., Trustee, of Lexington, Nebraska, in trust for the uses and purposes hereinafter set forth; namely, to be held, managed and invested, and from time to time reinvested by said trustee and his successors in trust, and the income from said trust estate, less the expense of administering said trust and the compensation of said trustee, to be paid annually to my beloved brother, Charles G. May, during his natural life, and without being subject in any manner to any order, intervention or control of any other person or of any creditor of my said brother; and upon the death of my said brother, the principal sum remaining in the hands of said trustee, or his successor in trust, is to be paid to the American Red Cross, less any expense or compensation then due to said trustee.

"I hereby authorize and empower said trustee, or his successors in trust, to sell and dispose of any property, either real or personal, disposed of by this my said will, and to make good and valid instruments transferring the title to

the same, and no purchaser shall be bound to see to the application of the purchase money or consideration paid therefor; and said trustee is authorized to change investments from time to time as he deems advisable. In the event of the death or resignation of Edward A. Cook, Jr., Trustee above named, then and in that event, I hereby appoint W. M. Cook, of Lexington, Nebraska, as his successor in trust; and in the event of the death or resignation of both said trustee and said successor in trust, I hereby authorize and empower the County Judge of Dawson county, Nebraska, to appoint a successor who shall have the same rights, powers and duties as the trustee appointed by the terms of this instrument."

It is the theory of the plaintiff in this action that the foregoing provision of the last will of Joseph E. May, deceased, is not effective as a legal devise of real estate except to the trustee for the life estate of Charles G. May; that this instrument is ineffective as an equitable conversion of the real estate of the deceased, does not create a charity; that the American Red Cross, a corporation, not incorporated under the laws of the state of Nebraska, being disqualified and prohibited from acquiring title to or holding any land, or real estate, etc., in this state, by virtue of section 76-502, Comp. St. 1929, the real estate in suit, being not lawfully devised, descends under the laws of inheritance to plaintiff as decedent's sole heir.

To plaintiff's petition setting forth his contentions, general demurrers were interposed by the American Red Cross, a corporation, and by Edward A. Cook, Jr., executor of the estate of Joseph E. May, deceased, and also as trustee for the life estate of Charles G. May. These the trial court sustained, and plaintiff electing to stand on his petition, the district court entered its order of dismissal, from which plaintiff now prosecutes this appeal.

Appellant's contentions now made may be summarized as follows: "It is not disputed that the American Red Cross cannot hold or take title to real estate being prohibited therefrom by section 76-502, Comp. St. 1929. Therefore the ques-

tion presented here is whether or not by the terms of the Last Will and Testament of Joseph E. May, deceased, there is created an equitable conversion of real estate into personal which may pass to the American Red Cross."

In view of the inherent nature of the American Red Cross, we are not inclined to accept plaintiff's contention that it is within the prohibition prescribed by section 76-502, Comp. St. 1929. However, a decision of that question is not necessary to the determination of this case, and it will not be decided.

As determinative of a question similar to that here presented, this court has approved the following language: "The rule is that where there is a positive direction in a will to convert the real property into personalty, or where there is a power of sale in a will and bequests of such a character as to plainly indicate a testamentary intent that such power shall be executed to provide the means of satisfying them, or where the provisions of a will cannot be carried out without converting the realty into personalty, and the conditions are such that the testator must have contemplated that such conversion would take place to that end, courts of equity deal with the estate as personal property from the time the will takes effect—from the death of the testator." *Stalder v. Stalder*, 105 Neb. 367, 180 N. W. 566. See, also, *Harrington v. Pier*, 105 Wis. 485, 82 N. W. 345; *In re Estate of Willits*, 88 Neb. 805, 130 N. W. 757.

In *Coyne v. Davis*, 98 Neb. 763, 154 N. W. 547, the rule was announced in the following terms: "As a general rule, where a testator directs the sale of a specific tract of land for the purpose of paying certain bequests from the proceeds, a court of equity will consider that the conversion of the land into personalty has taken place. The fact that the time of the sale is postponed for a definite term is not material, and the conversion will be held to have been made at the time of the testator's death." See, also, *In re Estate of Kulp*, 122 Neb. 157, 239 N. W. 636; *In re Estate of Secrest*, 109 Neb. 431, 191 N. W. 663.

By the terms of this will the real estate is devised to the trustee with explicit direction that it be sold and the pro-

ceeds distributed. Ordinarily such direction alone operates as an equitable conversion of realty into personalty. Here we have no distribution of this estate contemplated by the testator, except in form, such as (we quote from the will) "to be paid annually to my beloved brother, Charles G. May, during his natural life," etc., and again, "the principal sum * * * is to be paid to the American Red Cross."

Apropos of the use of language similar to that just quoted, Barnes, C., in *Chick v. Ives,* 2 Neb. (Unof.) 879, 90 N. W. 751, makes the following observations: "The provision that the portion of the testator's estate bequeathed to his children was to be invested in unincumbered real estate securities, and at the time designated in the will the share of each of them should be paid over to him or her, makes it impossible to carry out the terms of the will, unless the real estate be converted into money. Personal property, money, can be paid over, but no such term can be applied to the conveyance of real estate. It cannot be paid over. That it was the intention of the testator that the estate should be converted into money, and that the respective shares of the children were to be paid to them as such, is thus put beyond question." See *Delafield v. Barlow,* 107 N. Y. 535, 14 N. E. 498; *Cherry v. Greene,* 115 Ill. 591, 4 N. E. 257; *Dodge v. Williams,* 46 Wis. 70, 50 N. W. 1103.

The instant case is thus clearly within the rule that, where a will contains a power of sale even though not mandatory in terms, but it is apparent from the general scope and terms of the will that the testator intended all his realty to be sold, the power of sale will be deemed imperative, and the doctrine of equitable conversion will be applied. 18 C. J. S. 55, sec. 16; 18 C. J. S. 58, sec. 17; 6 R. C. L. 1073, sec. 8; *Chick v. Ives,* 2 Neb. (Unof.) 879, 90 N. W. 751; *Stalder v. Stalder,* 105 Neb. 367, 180 N. W. 566; *In re Estate of Willits,* 88 Neb. 805, 130 N. W. 757; *Coyne v. Davis,* 98 Neb. 763, 154 N. W. 547.

It follows that the district court properly construed the provision of the will quoted herein, and dismissed plaintiff's action. Its judgment is correct, and is

AFFIRMED.