ANHEUSER-BUSCH BREWING ASSOCIATION, APPELLEE, v. BENNETT HIER ET AL., APPELLANTS.

FILED OCTOBER 20, 1897. No. 7458.

1. **Money in Court: CREDITORS' BILL.** An action in equity will not lie to subject to the payment of the claims of a creditor money held by the clerk of the court in his official capacity.

2. ——: ——. The second subdivision of the syllabus in *Weaver v. Cressman*, 21 Neb., 675, disapproved.

APPEAL from the district court of Saline county. Heard below before HASTINGS, J. *Reversed and dismissed.*

The opinion contains a statement of the case.

*F. I. Foss* and *W. R. Matson*, for appellants:

The money in the hands of the clerk of the district court being *in custodia legis*, cannot, in equity, be subjected to payment of plaintiff's claim. There was an adequate remedy at law. (*Tuck v. Manning*, 22 N. E. Rep. [Mass.], 1001; *Dubois v. Dubois*, 6 Cow. [N. Y.], 496; *Hanna v. Bry*, 5 La. Ann., 651; *Murrell v. Johnson*, 3 Hill [S. Car.], 12; *Wehle v. Connor*, 83 N. Y., 231; *Leroux v. Baldus*, 13 S. W. Rep. [Tex.], 1019; *Curtis v. Ford*, 14 S. W. Rep. [Tex.], 614; *Wilbur v. Flannery*, 60 Vt., 581; *Nolte v. Van Gassy*, 15 Ill. App., 230; *Langdon v. Lockett*, 6 Ala., 727; *Lord v.*

*Collins*, 79 Me., 227; *Clarke v. Shaw*, 28 Fed. Rep., 356; *Hill v. La Crosse & M. R. Co.*, 14 Wis., 291; *Dawson v. Holcombe*, 1 O., 275; *Reddick v. Smith*, 3 Scam. [Ill.], 451; *Chapin v. James*, 11 R. I., 86; *Van Winkle v. Udall*, 1 Hill [N. Y.], 559; *Birdseye v. Ray*, 4 Hill [N. Y.], 158; *Van Loan v. Kline*, 10 Johns. [N. Y.], 129; *Hartwell v. Bissel*, 17 Johns. [N. Y.], 128; *Dubois v. Harcourt*, 20 Wend. [N. Y.], 41; *Streling v. Welcome*, 20 Wend. [N. Y.], 238; *Cumberland Bank v. Hann*, 19 N. J. Law, 166; *Winegardner v. Hafer*, 15 Pa., 144; *Hagan v. Lucas*, 10 Pet. [U. S.], 400; *Pierce v. Scott*, 4 Watts & S. [Pa.], 344; *Sweetzer v. Claflin*, 74 Tex., 667; *Gaither v. Ballew*, 4 Jones Law [N. Car.], 488; *Adams v. Newell*, 8 Vt., 190; *Thompson v. Brown*, 17 Pick. [Mass.], 462; *Hackley v. Swigert*, 41 Am. Dec. [Ky.], 256; *Daley v. Cunningham*, 3 La. Ann., 55; *Glenn v. Gill*, 2 Md., 1; *McKenzie v. Noble*, 13 Rich. [S. Car.], 147; *Goodrich v. Church*, 20 Vt., 187; *Alston v. Clay*, 2 Haywood [N. Car.], 360; *Turner v. Fendall*, 1 Cranch [U. S.], 117; *Tooke v. Newman*, 75 Ill., 215.)

*Abbott & Abbott, contra,* cited: *Weaver v. Cressman,* 21 Neb., 675.

Norval, J.

The plaintiff and appellee, the Anheuser-Busch Brewing Association, recovered a judgment in the county court of Saline county against Bennett Hier and J. A. Derse for $891.96. An execution was issued thereon, which was returned by the sheriff wholly unsatisfied for want of property of the execution debtors whereon to make a levy. It is also disclosed that said Hier commenced in the district court of Saline county an action by attachment against the said Derse, which terminated in favor of Hier; that the attached property was sold, and the proceeds arising therefrom, amounting to about $900, were paid into said court and into the hands of the clerk thereof, Albert N. Dodson, one of the defendants herein, who holds the same in his official capacity. This was an action in

equity to subject the said amount in Dodson's hands to the payment of the judgment in favor of the Anheuser-Busch Brewing Association against Hier. The defendants have appealed from the decree rendered against them.

If the money in controversy is not *in custodia legis*, it is conceded that this action cannot be maintained, since the remedy by garnishment would be adequate. The contention of plaintiff is that this money is held by defendant Dodson in his official capacity as clerk of the district court, and cannot be reached by means of the process of garnishment, but that relief may be had in this form of action. It was said in *Weaver v. Cressman*, 21 Neb., 675, that while ordinarily funds held by the clerk of the court in his official character are not subject to garnishment, a court of equity, in a proper case, may subject such funds to the payment of the claim of a creditor. It is perfectly plain that the statement in the opinion upon the subject is mere *obiter*, and unnecessary to a decision of the case. Relief was denied for the reason, among others, that no judgment had been recovered in this state, and the debtor was not made a party defendant to the proceedings. The rule that personal property *in custodia legis* is not subject to attachment or garnishment was adopted for the protection of the officer, and to avoid collision of authority and conflict of title. And the same principle forbids the maintaining of an independent equitable action to subject money in the hands of the clerk of the court in his official character. Our Code contains very liberal provisions relating to intervention. It seems to us that the proper practice would have been for the plaintiff to have intervened in the case of Hier against Derse, and asserted its claims to the fund in controversy and obtained an adjudication of the question therein. This mode of procedure would have afforded ample protection to the officer, as well as avoided any possible conflict of authority or jurisdiction. No case has been cited by counsel, nor by diligent search have we been able to find a single one, in which money in the custody of the

law has been subjected to the claim of a creditor by means of an action like the one before us. We do not think it can be maintained on principle. The decree is reversed and the action dismissed.

REVERSED AND DISMISSED.