HENRY GOTCHALL, APPELLEE, v. GEORGE GOTCHALL, APPELLANT; GEORGE A. ADAMS ET AL., APPELLEES.

FILED OCTOBER 2, 1915. No. 18267.

1. Wills: SUIT TO ENFORCE: JURISDICTION. An action by a legatee to quiet the title of the administrator with the will annexed to certain real estate of the testator for the purpose of sale, to declare a trust and that the administrator is a trustee, to define his duties, to determine the question whether an outstanding life estate exists in the principal defendant, and to recover possession of the land for the trustee, is not within the jurisdiction of the county court, and is within the jurisdiction of the district court, sitting as a court of equity.

2. ———: DEVISE: CONSTRUCTION. Whether a devise is upon a condition precedent or subsequent is not to be determined alone from the use of technical words in a will. The question is one of the intention of the testator. If the language of the whole will shows that it was the intention of the testator that the act upon which the right depends was to be performed before the interest vested, the condition is precedent, and in such case, unless the act is performed as directed and required by the will, no interest in the property passes.

3. ———: ———: ———: CONDITION PRECEDENT. Will construed, and held that the payment of the mortgage upon the land was a condition precedent to the right of the appellant to the use and occupation of the premises.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. Affirmed.

Aldrich & Fuller, for appellant.

George A. Adams and George W. Berge, contra.

LETTON, J.

This action is brought by Henry Gotchall, one of the children of John Gotchall, deceased, making George A. Adams, administrator with the will annexed, and all the other legatees of the deceased parties. The purpose of the action is to declare that the defendants, George Gotchall and his wife, have no interest in certain real estate disposed of by the will, to quiet the title of the administrator and trustee therein, and for directions to him to convert the real estate into money and to proceed with the administration of the estate. The administrator and trustee concur in asking the same relief. The executor named in the will declined to act, and an administrator with the will annexed was appointed. The claims against the estate existing prior to the death of John Gotchall have been paid, but claims for the support of the widow are still unsettled. The provisions of the will which are involved are as follows:

"(2)  I will and bequeath that if my farm is not sold during my lifetime, that my beloved wife, Anna Gotchall, have her support off of said farm so long as she may live.

"(3)   There being a twenty-one hundred ($2,100) dollar mortgage now upon my farm, I will and bequeath that if I own said farm at my death, that my two beloved sons, Henry Gotchall and George Gotchall, have the use of said farm, subject to the support of my beloved wife, so long as they may desire to use the same, provided they pay off said mortgage now upon the same, and keep the same free from debts, and keep the taxes paid upon it, and keep the same in fair repair, until such time as they may deem that they have held the same long enough to pay them for the payment of said mortgage, and the interest upon the money used in paying the same, and that in equity and good conscience they have been fully paid, and that said property should be divided among my said children, at which time it shall be disposed of as hereinafter stated.

"(4)   I will and bequeath to my beloved son, William Gotchall, the sum of five ($5.00) dollars, to my beloved son, Arthur Gotchall, the sum of five ($5.00) dollars, and

to my beloved son, Curtis Gotchall, the sum of five ($5.00) dollars, they and each of them having received from me heretofore one thousand ($1,000) dollars.

"(5)   Should I sell said land before my death, I then will and bequeath that my beloved wife shall be supported from the proceeds of the same, or of what shall remain of the same at my death, so long as she may live, and that at her death, the remaining portion of the same be divided, among my children as follows: Mary Julick, wife of Merari Julick, Sabina Ramsey, wife of John Ramsey, Henry Gotchall, George Gotchall, and Emily Vantress, one thousand ($1,000) dollars each, and the remainder, if any, to be equally divided among all my children."

"(7)   I will and bequeath that whatever of the personal property, if any, shall be remaining after the payment of my funeral expenses and expenses of my last sickness and expenses of administration, shall go to and be the absolute property of my beloved son, George Gotchall, giving to him the right, if he so desire, to distribute the same among his brothers and sisters.

"(8)   That at such time as my beloved sons, Henry and George Gotchall, deem that they have been sufficiently paid by the use of said farm for the satisfaction of said mortgage, the said land shall be sold and out of the proceeds one thousand ($1,000) dollars be paid to each of my beloved children, as follows: Mary Julick, Sabina Ramsey, Henry Gotchall, George Gotchall, and Emily Vantress, and the remainder, if any, to be held by my son, George Gotchall, until he shall see fit to divide it among my children, Mary Julick, Sabina Ramsey, Henry Gotchall, George Gotchall and Emily Vantress."

The $2,100 mortgage was never paid. John and Henry Gotchall took possession of the farm and continued to reside thereon with the widow for some time. After George married, dissensions arose, and early in 1909 Henry Gotchall and his mother left the farm, and Mrs. Gotchall never lived there afterward. She died in July, 1911. George has retained and is now in possession of the real estate.

The defendant George Gotchall contends that the will created a life estate in John and Henry Gotchall, subject to the lien of the mortgage and a lien for the support of the widow. He prays that the court construe the will to that effect, and that it decree that Henry has forfeited all his right to the land by reason of his failure to comply with the conditions of the will, and that George, therefore, is entitled to a life estate in the entire premises.

The district court found that, under the provisions of the will, no life estate was created in either George or Henry Gotchall. The title to the real estate was quieted in the administrator and trustee for the purpose of sale. He was given possession of the land, and directed to sell it and proceed with the administration of the estate in accordance with the will. George Gotchall was enjoined from asserting any right, title or interest in the premises inconsistent with the rights of the administrator.

Appellant contends that the district court has no jurisdiction, the action being within the sole original jurisdiction of the county court. We are of a contrary view. The construction of the will is only incidental to the real purpose of the action, which was to declare a trust in the administrator, to determine the extent of the duties of the trustee, to settle the question as to whether a life estate in the land existed in George Gotchall, and to recover possession for the trustee. Under section 16, art. VI of the Constitution, the county court has no jurisdiction to determine such issues. Cases illustrating the distinction between actions brought merely to construe a will and such actions as this are *Andersen v. Andersen,* 69 Neb. 565, *Adams v. Dennis,* 76 Neb. 682, and *Fisher v. Fisher,* 80 Neb. 145.

The proper function of a court in construing a will is to ascertain the intention of the testator and to uphold his wishes, if not forbidden by some positive rule of law. The appellant states the question thus: "First, under the terms of the will, did testator intend and provide that George Gotchall and Henry Gotchall should do certain things before they could take possession of the place, that

is, provide for the mother, pay off the mortgage and other things? second, or did he intend and provide that for doing the things just mentioned they should have the use and occupation of the farm? If the former, it is a condition precedent; if the latter, it is a condition subsequent." This is hardly a correct statement of the question, since the support of the widow was a charge upon the land in any event. But it is correct so far as the payment of the mortgage is concerned.

In *Finlay v. King,* 3 Pet. (U. S.) *346, it is said: "It is certainly well settled that there are no technical appropriate words which always determine whether a devise be on a condition precedent or subsequent; the same words have been determined differently, and the question is always a question of intention. If the language of the particular clause, or of the whole will, shows that the act upon which the estate depends must be performed before the estate can vest, the condition, of course, is precedent; and, unless it be performed, the devisee can take nothing. If, on the contrary, the act do not necessarily precede the vesting of the estate, but may accompany or follow it, and this is to be collected from the whole will, the condition is subsequent."

Tested by this standard and considering the whole instrument it is apparent that the first thought of the testator was to provide for the support of his widow, the next to provide for the payment of the mortgage, the sale of the land free of the lien, the payment of $1,000 each to those of his children to whom an advancement of that amount had not been made, and the equal distribution of the remainder among all the children. It is clear that the payment of the mortgage of $2,100 was a condition precedent to Henry and George having the use of the farm, and that as a reward and recompense for so doing, and for supporting their mother, they should have the use of the farm "until such time as they may deem that they have held the same long enough to pay them for the payment of said mortgage, and the interest upon the money used in paying the same, and that in equity and good con-

science they have been fully paid." The language of the will which provides that the sons shall have the occupation of the farm "long enough to pay them for the payment of said mortgage" clearly so implies. This construction is reinforced by the language in the eighth paragraph. *Fisher v. Fisher, supra.*

It is argued that a court of equity will not enforce a forfeiture for nonperformance of a condition subsequent; but, having construed this provision to be a condition precedent, the authorities cited do not apply.

The directions as to the sale of the property operated to convert the real estate into personalty. *Chick v. Ives,* 2 Neb. (Unof.) 879. The time of conversion was subject to being postponed to the repayment of George and Henry, if they first paid the mortgage; but, since this they failed to do, the right to the proceeds vested in the respective legatees after a reasonable time had elapsed in which the brothers might have met the condition precedent on which their right to hold the possession of the land depended. It then became the duty of the administrator to sell the real estate and pay the legacies.

We think the district court made the proper construction of the will and disposition of the case. Its judgment is therefore

AFFIRMED.

HAMER, J., not sitting.