RAZALL, Respondent, vs. RAZALL and others, Defendants:
MATHIOWETZ, Trustee, Appellant.*

*March 11—April 13, 1943.*

* Motion for rehearing denied, without costs, on May 18, 1943.

16

*Bernard F. Mathiowetz* of Milwaukee, *in pro. per.,* for the appellant.

For the respondent there was a brief by *Lorenz & Neubauer* of Milwaukee, and oral argument by *Ira S. Lorenz.*

BARLOW, J.   The defendant Bernard F. Mathiowetz, as trustee under the last will and testament of Katie Razall, deceased, demurred to the amended complaint on five separate grounds, one of which was that the court has no jurisdiction of the subject matter of the action.   The trial court overruled the demurrer.

It is undisputed that the trust is being administered by the county court of Milwaukee county, and that said court has jurisdiction of the trustee.   Respondent contends, and the learned judge held, that jurisdiction of divorce proceedings rested wholly within the circuit court, and it follows that the county court cannot afford a remedy as "adequate, complete, and efficient," as the circuit court in view of the scope and purpose of the supplemental complaint.   Appellant contends that the county court has jurisdiction of the trust, and that if respondent has any rights under a proper construction of this

trust, that such rights should properly be determined by the county court, and that the circuit court, therefore, has no jurisdiction.

It is conceded that the circuit court has jurisdiction in the divorce proceedings, and that it is the only court that can revise or correct the decree. *Yates v. Yates,* 157 Wis. 219, 147 N. W. 60, is cited as authority for the circuit court assuming jurisdiction over the trust involved in this action. In that case, as a part of the divorce decree, a trust was created for the support of a minor child, and the matter before the court was whether this trust could be terminated. The creation of the trust and the administration of it was in the circuit court at all times. The court held that upon petition setting forth the facts, it could revise the divorce decree as to the particular matter and terminate the trust. We fail to see where this establishes any rule of law that can be applied to the present case. The issue in this case is whether either the income or corpus of a trust created by a will may be reached by the respondent in payment of alimony due her under the divorce decree. This requires a construction of the terms of the trust. There is no issue on the default in payment of alimony. The circuit court has determined all matters properly before it.

In the case of *Cawker v. Dreutzer,* 197 Wis, 98, 128, 221 N. W. 401, we find an exhaustive review of the decisions of this court on the question of trusts created by a will, wherein the court said:

"That, unless it is made to appear that the county court before which an estate is being administered cannot afford as adequate, complete, and efficient a remedy as the circuit court, the circuit court should not assume jurisdiction, and to do so will be treated as reversible error. Anything to the contrary in former opinions must be considered as overruled."

This decision was fully approved in *Connell v. Connell,* 203 Wis. 545, 234 N. W. 894.

This leaves the question of whether the county court can afford as "adequate, complete, and efficient" a remedy as the circuit court. Respondent contends that she is in no position to make application to the county court for a construction of the trust because she is not a beneficiary or heir at law. If respondent has funds properly payable to her from the trust, we can see no reason why these facts cannot be set forth in a petition to the court, and an order to show cause why the payment should not be made from the trust funds. This would then present to the county court the question of construction of the trust and the liability of any of its funds for the payment of alimony to the respondent. The county court could apply the same rules of equity that the circuit court might apply. In *Carpenter v. United States Fidelity & Guaranty Co.* 123 Wis. 209, 213, 101 N. W. 404, this court said:

"By sec. 2443, Stats. 1898 [now sec. 253.03, Stats.] the county court's jurisdiction is expressly extended 'to all matters relating to the settlement of the estates of such deceased persons' at the time the deceased was an inhabitant or resident of the county where the court is located, having jurisdiction of the matter, or left property within such county to be administered. That broad general power necessarily carries with it by implication all judicial authority of courts of equity in the administration of trusts necessary to the proper administration of the particular class of trusts in question, and that has been the uniform holding of this court." Quoting with approval *Tryon v. Farnsworth,* 30 Wis. 577 ; *Brook v. Chappell,* 34 Wis. 405.

We appreciate the authority and responsibility vested in the circuit court to enforce divorce judgments and the payment of alimony, but we cannot find where this extends the authority to take jurisdiction over matters which this court has determined lie wholly within the county court.

*By the Court.*—Order reversed, and the cause remanded with instructions to sustain the demurrer and dismiss the complaint.

FRITZ, J., took no part.