REQUESTED BY: Dear Senator Goodrich:
You have asked us two questions involving problems concerning the dissolution of marriages when one of the spouses has an unvested interest in a trust. Depending upon our answers to your questions, you state that you may introduce legislation to correct what may be deficiencies in the law.
Your first question is whether a court, when dissolving a marriage, can take into consideration the interest of one of the parties in a testamentary trust, which at the time of the dissolution has not been vested, when the trust is subject to invasion. We conclude that the court can.
We have found no definite answer to your question in Nebraska statutes. Neb.Rev.Stat. § 42-365 (Reissue 1978) authorizes the court to order payment of such alimony and division of property as may be reasonable, having regard to the circumstances of the parties, etc.
The discretion of the court seems to be very broad. The nearest Nebraska case we have found is Maxwell v. Maxwell,106 Neb. 689, 184 N.W. 227 (1921), in which the court held that a trial court could award to the wife the husband's remainder interest in a trust created for the husband's mother, to be distributed to the husband and his brothers and sisters on the mother's death.
The case of Trowbridge v. Trowbridge, 16 Wis.2d 176,114 N.W.2d 129 (1962) seems to be directly in point. In that case the husband's father had created a trust, with the income to be paid to the husband's mother for life, with the corpus to be paid to the husband if he survived her, otherwise to be held in trust for his issue. The trial court ordered one-third of whatever the husband got from the trust to be paid to the wife. The appellate court upheld the award, saying that it was proper to take this interest into account, even though, in the event the husband were to die before his mother, his interest in the trust would vanish. Interestingly, the court cited in support of its decision the case of Maxwell v. Maxwell, supra.
You also ask whether a trustee, not a party to the litigation, who is ordered by the court to answer certain questions in a deposition, can appeal that order. We think there is no way for him to do so, at least as an appeal in the action in which the deposition is being taken. We know of no way in which a non-party witness can appeal any action taken by a trial court. Even as to a party, the order requiring the answering of questions would not be a final order, subject to appeal.
We assume that the witness you are talking about feels that he should not be required to answer the question because of statutory privilege, and that the court has rejected his claim of privilege. The only way we know of to secure a review of that decision is to refuse to answer, be found in contempt, and to appeal the judgment of contempt.
Sections 25-1229 and 25-1267.44 make refusal to answer questions, after being ordered to do so by the court, contempt. We suppose that, if a trustee felt strongly enough about it, and was sure enough of his grounds, he could refuse to answer, at his peril, and appeal his conviction for contempt. If his appeal fails, however, he would properly be punished. We know of no other way to test the privilege.